IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY JO OTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| ZIMMER, INC., ZIMMER HOLDINGS, INC., | ) |
| | ) |
| Defendants, | ) **JURY TRIAL DEMANDED** |

**COMPLAINT**

NOW COMES the Plaintiff, MARY JO OTT, by and through her attorneys, Hurley, McKenna & Mertz, P.C., and, as her complaint against Defendants ZIMMER, INC., and ZIMMER HOLDIGNS, INC., states as follows:

**I. INTRODUCTION**

1. This is an action seeking compensation for personal injuries caused by the defendants' violations of Illinois common law.

2. The Plaintiff seeks equitable and monetary relief, including compensatory and punitive damages, and all other appropriate relief to which she is entitled under federal and state law.

**II. JURISDICTION**

3. Plaintiff MARY JO OTT, at all times relevant to this complaint, resided in Lake County, Illinois.

4. Defendant ZIMMER, INC. is incorporated in the State of Delaware and has its principal place of business in the State of Indiana.

5. Defendant ZIMMER HOLDINGS, INC. is incorporated in the State of Delaware and has its principal place of business in the State of Indiana.

6. The amount in controversy in this action exceeds $75,000.00.

7. The jurisdiction of this Court over this controversy is based on 28 U.S.C. § 1332 (a) (1).

8. The Plaintiff has timely filed this action in this Court.

### III. VENUE

9. The prosthetic device at issue in this matter was surgically implanted into the plaintiff at Rush University Medical Center, in Chicago, Illinois, within the Northern District of Illinois. The ultimate failure of the prosthetic device at issue in this matter occurred within the Northern District of Illinois. All medical treatment as a result of the injuries suffered by the plaintiff in this case occurred in the Northern District of Illinois. Accordingly, venue properly lies in the United State District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1391 (b).

### IV. ALLEGATIONS – STRICT LIABILITY

10. On June 1, 2004, MARY JO OTT underwent the surgical placement of a Zimmer Trilogy Constrained Liner right hip prosthesis which bears Cat # 6154-50-32, and Lot # 60103972, which was designed, manufactured, distributed, and sold by defendants ZIMMER, INC. and ZIMMER HOLDINGS, INC.

11. On and after June 1, 2004, MARY JO OTT complied with all restrictions placed upon her physical activities as a result of the implantation of her Zimmer hip prosthesis.

12. On August 16, 2008, as MARY JO OTT was walking into a store, the reinforcing ring and polyethylene prongs both fractured on her prosthetic Zimmer Trilogy Constrained Liner

that had been designed, manufactured, distributed, and sold by defendants ZIMMER, INC. and ZIMMER HOLDIGNS, INC., causing her right hip to dislocate and causing her to fall to the ground.

13. As a result of the aforementioned failure to the prosthetic Zimmer Trilogy Constrained Liner that had been designed, manufactured, distributed, and sold by defendants ZIMMER, INC. and ZIMMER HOLDIGNS, INC., MARY JO OTT has suffered extreme personal injuries and has required extensive medical procedures, including multiple revisions of her right hip prosthesis.

14. At the time that the aforementioned Zimmer Trilogy Constrained Liner was designed, manufactured, distributed, and sold by defendants ZIMMER, INC. and ZIMMER HOLDINGS, INC. it was defective and unreasonably dangerous for one or more of the following reasons:

    a. The device significantly reduces range of motion which leads to premature failure;

    b. The device results in excessive neck/cup contact under normal use;

    c. The device results in failure of the polyethylene liner under normal use;

    d. The device results in failure of the reinforcing ring under normal use;

    e. Under normal use, the femoral component impinges upon the liner;

    f. The retaining ring disengages under normal use;

    g. The device results in a painful and debilitating dislocation under normal use.

    h. The device was manufactured without warnings concerning its propensity for premature failure;

    i. The device was manufactured without warnings concerning its propensity for dislocation under normal use; and

    j.    The device was otherwise unreasonably dangerous and/or defective.

15.    As a proximate result of one or more of the forgoing unreasonably dangerous conditions, plaintiff MARY JO OTT suffered permanent injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, MARY JO OTT, by her attorneys, Hurley McKenna & Mertz, P.C., prays for judgment against defendants ZIMMER, INC. and ZIMMER HOLDINGS, INC. in an amount in excess of Seventy Five Thousand Dollars ($75,000), plus the costs of this action.

## V. ALLEGATIONS – NEGLIGENCE

16-19.  Plaintiff MARY JO OTT hereby reasserts and realleges paragraphs ten through thirteen of Count IV of this Complaint at Law as and for paragraphs sixteen through nineteen of Count V of this Complaint at Law.

20.    Defendants ZIMMER, INC. and ZIMMER HOLDINGS, INC. were negligent in the design, manufacture, distribution, and sale of the Zimmer Trilogy Constrained Liner for one or more of the following reasons:

    a.    The device significantly reduces range of motion which leads to premature failure.

    b.    The device results in excessive neck/cup contact under normal use;

    c.    The device results in failure of the polyethylene liner under normal use;

    d.    The device results in failure of the reinforcing ring under normal use;

    f.    Under normal use, the femoral component impinges upon the liner;

    g.    The retaining ring disengages under normal use;

    h.    The device results in a painful and debilitating dislocation under normal use.

      i.      The device was manufactured without warnings concerning its propensity for premature failure;

      k.      The device was manufactured without warnings concerning its propensity for dislocation under normal use; and

      l.      The device was otherwise unreasonably dangerous and/or defective.

21.    As a proximate result of one or more of the forgoing negligent acts or omissions, plaintiff MARY JO OTT suffered permanent injuries of a personal and pecuniary nature.

WHEREFORE, the plaintiff, MARY JO OTT, by her attorneys, Hurley McKenna & Mertz, P.C., prays for judgment against defendants ZIMMER, INC. and ZIMMER HOLDINGS, INC. in an amount in excess of Seventy Five Thousand Dollars ($75,000), plus the costs of this action.

Dated: July 21, 2010

                                                    MARY JO OTT,

                                        By:    /s/ Michael T. Mertz_____
                                                      One of the Attorneys for Plaintiff

Michael T. Mertz
HURLEY, McKENNA & MERTZ
33 N. Dearborn Street, Suite 1430
Chicago, Illinois 60602
(312) 553-4900